their remedy at law on the original contract, there being no circumstances disclosed in the bill to make it necessary for them to resort to a court of equity.

DECREE REVERSED.

---

## LAIDLER vs. YOUNG'S Lessee.

APPEAL from the General Court. The appellee brought an action of ejectment in that court to recover a tract of land called *Lee's Purchase*, otherwise called *Laidler's Ferry*, lying in *Charles* county. The defendant, (now appellant,) took general defence. At the trial at May term 1804, the plaintiff offered in evidence a grant for *Lee's Purchase*, dated the 2d of May 1664, to *John Lee*; also the will of *Richard Lee*, the heir of *John*, dated the 3d of March 1714, devising the land to his son *Philip Lee*; also the will of *Philip Lee*, dated the 20th of March 1743, devising the land to *George Lee*; also a deed from *George Lee* to *John Laidler*, dated the 10th of Oct'r 1760, and the will of *John Laidler* dated the 1st of February 1771, devising as follows, viz. "I give and devise to my son *Robert Laidler*, all that tract of land called *Lee's Purchase*, to him and his heirs for ever, together with the lands thereto adjoining; and in case he dies without heirs, to my son *John Laidler*, and the heirs of his body lawfully begotten." He also offered in evidence and proved, that after the death of *John Laidler*, the testator, *Robert*, his son and devisee, entered and was seized of the lands devised to him by the will; and that *Robert*, in his life-time, executed the following lease to the lessor of the plaintiff, viz. "Know all men by these presents, that I, *Robert Laidler*, of *Charles* county, in the state of *Maryland*, for and in consideration of the annual sum of five pounds currency, paying my just debts, and maintaining my sister *Elizabeth Laidler*, have farmed and to rent let unto *Joseph Young*, the plantation whereon I now live, known by the name of *Laidler's Ferry*, for the term of *seven* years from the date hereof. As witness my

A, by his will devised as follows: "I give and devise to my son R, a tract of land, &c. to him and his heirs, forever, and in case he dies without heirs, to my son J, and the heirs of his body lawfully begotten." This devise created an estate tail in R, the devisee.

Under the act of November 1782, ch 23, a tenant in tail may defeat the estate tail altogether, or convey only a limited or qualified estate. A common deed of bargain and sale operates to convey the estate and vest a fee simple in the grantee.

If a limited interest is conveyed by a tenant in tail, upon the expiration of the particular interest, the tenant in tail again takes the estate tail as originally held.

A lease for seven years, made by tenant in tail, will have the effect to pass the estate for the term therein expressed.

A mortgage made by a tenant in tail defeats the estate tail for a limited time. If the money is paid, the old estate is revived.

An estate tail cannot be devised under the act of 1782, ch 23.

The intention and meaning of the legislature are to be collected from the law itself, and they are not to be restrained by any thing in the preamble.

1807.

Laidler
vs
Young

hand and seal this eighth day of June seventeen hundred and ninety-nine.

Robert Laidler (Seal.)

Witness,
Adam Rains,
Stephen Moore,
John Slimer.

That Robert Laidler died after the execution of the lease, intestate, and without issue, leaving the defendant his heir at law. The defendant then prayed the opinion of the court, and their direction to the jury, that under the lease so executed, the plaintiff was not entitled to recover.

Key, Mason, and J. B. Duckett, for the defendant, contended, that the lease executed for seven years, by Robert Laidler the tenant in tail, did not operate under the act of November 1782, ch 23, to bar the estate tail created by the will of John Laidler, and that upon the death of Robert Laidler, the land descended to the defendant. They cited and relied on the statutes, de donis, 32 Hen. VIII, ch 28. 13 Edw. I, ch. 1. 4 Bac. Ab. tit. Leases, (D.) 22.

Martin, (Attorney-General,) Johnson, & T. Buchanan, for the plaintiff, referred to the same statutes; also 2 Blk. Com. 119. The acts of June 1773, ch 1; Nov. 1782, ch 23; and 1786, ch 45. Todd et ux vs. Pratt, 1 Harr. & Johns. 465. Paca's Lessee vs. Forwood et al. 2 Harr. & M'Hen. 175.

CHASE, Ch. J. (a). The Court are of opinion, that under the act of assembly of November 1782, ch. 23, a tenant in tail may defeat the estate tail altogether, or convey only a limited or qualified estate; the remainder, whatever it may be, will, in this last case, descend. But if he intends to change the estate tail to a fee simple, then a conveyance and reconveyance to himself are necessary. But if he disposes of the estate, a common deed of bargain and sale will operate to convey the estate, and vest a fee simple in the grantee.

If a limited interest is conveyed, upon the expiration of the particular interest, the tenant in tail again takes the estate tail as originally held. ____.

(a) Done and Sprigg, J. concurred.

1807.

Laidler
vs
Young

The Court have no doubt but that a lease will have the effect to pass the estate, for the term of years therein expressed; for if a tenant in fee simple can lease, a tenant in tail may also.

It was contended, in the case of *Paca's Lessee vs. Forwood et al.* that an estate tail might, under the act of 1782, be devised by last will and testament. But the court said it could not; for they considered the tenant in tail, and the heir, in the situation of joint tenants, and that the estate, upon the death of the tenant in tail, survived to the heir, and as the will would not take effect until after the death of the tenant in tail, the right of the heir, by such death, had already vested.

It has been said, that a mortgage executed by the tenant in tail conveyed the interest. It is not so. When the money is paid, the old estate is again revived, and the mortgage only defeats the estate tail for a limited time.

The intention and meaning of the legislature are to be collected from the law itself, and they are not to be restrained by any thing in the preamble.

Upon the whole, the court are of opinion, that the lease in this case is good and valid in law to pass and transfer the interest in the land to the lessee for the term of years therein mentioned, and when the term of years expires, the remainder-man will take the estate under the will.

The defendant excepted. Verdict and judgment for the plaintiff, and the defendant appealed to this court.

The case was argued before TILGHMAN, NICHOLSON, and GANTT, J. by

*Key*, for the appellant, and by

*Johnson*, (Attorney General,) and *T. Buchanan*, for the appellee.

THE COURT OF APPEALS *affirmed* the judgment of the General Court.